FILED & ENTERED

DEC 07 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Reaves    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GEORGINA, LLC,<br><br>             Debtor. | Case No.: 1:16-bk-10140-MB<br><br>Chapter 11<br><br>**MEMORANDUM OF DECISION RE: MOTION FOR ORDER DESIGNATING CASE A SINGLE ASSET REAL ESTATE CASE PURSUANT TO BANKRUPTCY CODE SECTION 362(d)(3) [DKT 39]** |

**MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION**

After several hearings and several lengthy stipulated continuances (during which the parties attempted unsuccessfully to resolve their disputes consensually), on November 21, 2016, the Court held its evidentiary hearing on the motion of creditor Hersel Kohan (the "Movant") requesting an order designating this chapter 11 case a "single asset real estate" case for purposes under Bankruptcy Code section 362(d)(3) (the "Motion"). Movant was represented at the evidentiary hearing by Edmond Nassirzadeh, Esq. The debtor and debtor in possession, Georgina, LLC (the "Debtor") was represented at the evidentiary hearing by Raymond Aver, Esq. At the evidentiary hearing, the Court heard live testimony from Ben Sayani ("Mr. Sayani"), the principal of the Debtor. After considering the evidence adduced by the parties, the arguments of counsel and the record established in this case, the Court makes the following findings of fact and conclusions of law for purposes of Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

## I.    JURISDICTION.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core matter under 28 U.S.C. § 157(b)(2)(A), and therefore, this Court has the constitutional authority to enter a final ruling on the matter. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

## II.   BACKGROUND

The Debtor commenced this chapter 11 case pursuant to a voluntary petition filed on January 18, 2016.[1] The Debtor owns two parcels of undeveloped real property in the Antelope Valley (collectively, the "Properties"). Movant asserts that the Properties constitute "single asset real estate" under the definition set forth in Bankruptcy Code section 101(51B), and are therefore subject to the automatic stay provisions of Bankruptcy Code section 362(d)(3). The Debtor disagrees.

The parties' disputes center on (i) whether the Properties constitute a "single project" within the meaning of section 101(51B) and (ii) whether the Properties may properly constitute single

---

[1] A prior case was commenced on October 15, 2013 and dismissed on December 21, 2015.

1
**MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION**

Main Document    Page 3 of 8

asset real estate where the Properties do not generate any income. The parties do not dispute that (i) the Debtor is not conducting any business activities on the Properties, other than holding the Properties for future sale or development and (ii) the Properties have not and currently do not generate any income.

## III.    ANALYSIS

The Movant bears the burden of demonstrating that the Properties fall within the definition of "single asset real estate" under Bankruptcy Code section 101(51B) by a preponderance of the evidence. See *In re Alvion Properties, Inc.*, 538 B.R. 527, 532 (Bankr. S.D. Ill. 2015) (citing *In re Hassen Imports P'ship*, 466 B.R. 492, 507 (Bankr. C.D. Cal. 2012)). To prove that the Properties constitute "single asset real estate," Movant must show: (1) that there is a single property or project, other than residential real property with fewer than 4 residential units; (2) that generates substantially all of the gross income of a debtor; and (3) that no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto. See *In re Meruelo Maddux Properties, Inc.*, 667 F.3d 1072, 1076 (9th Cir. 2012).

**A. Single Project.**

There is no dispute that there is more than one property owned by the Debtor. The question is whether these properties constitute a "single project." Whether multiple properties are part of a "single project" is a factual inquiry; the properties must be linked together in some "common scheme" governing the present use of the properties. *In re Hassen Imports P'ship*, 466 B.R. at 507. "The mere fact of common ownership, or even a common border, will not suffice." *Id.* (quoting *In re The McGreals*, 201 B.R. 736, 742–743 (Bankr.E.D.Penn.1996)). Courts have considered several factors when determining if multiple properties constitute a single project, including:

(1)  the use of the properties;

(2)  the circumstances surrounding the acquisition of the properties, including the time of the acquisition and the funds used to acquire the properties;

(3)  the location of the properties and proximity of the properties to one another;

(4)  any plans for future development, sale or abandonment of the properties.

MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION

*In re Hassen Imports P'ship*, 466 B.R. at 507.

Movant contends that the Properties qualify as "single asset real estate" because (i) they were acquired the day before the Debtor's prior bankruptcy filing, (ii) they share one border; and (iii) they are part of a larger development scheme. Movant points to Mr. Sayani's efforts to market and sell the properties together as residential real estate: (a) obtaining approval of a preliminary tract map showing the use of both parcels in a single residential development (the "Tract Map"), see Trial Exhibit 1, and (b) a post-petition agreement between the Debtor and Chaparral Land Company to list and market the properties for sale together (the "Broker Agreement"). *See* Trial Exhibit 3. Further, the Movant's debt was incurred by the Debtor under a single financing transaction, secured by a first trust deed on both Properties.

Debtor contends that the Properties have not been shown to be a single project. Debtor argues that (i) each parcel is taxed separately and has a separate assessor's parcel number, or APN, and (ii) Debtor acquired the Property for future development, but the Property has not been utilized since its acquisition. Further, the Debtor argues that the Properties do not constitute a single asset estate project because there is no definite plan of action for the two Properties. The Debtor, for instance, may sell one parcel to a neighboring landowner (a solar energy company), may develop the other parcel for residential housing, or may do neither. At this point, Mr. Sayani testified, only informal discussions have taken place with respect to these possibilities.

The Court finds that a preponderance of the evidence establishes the existence of single "project" or "common scheme" for purposes of Bankruptcy Code section 101(51B). This conclusion is supported by the following facts:

1. The Properties were acquired at the same time.
2. The Properties are being used for the same purpose: they are undeveloped and are being held for future sale or development.

3. The Properties are adjacent to each other and share a common boundary.[2]

4. The Properties jointly secure a debt owing to the Movant.

5. The Debtor has taken steps to market the Properties together for future residential development by (i) obtaining the Tract Map, and (ii) entering into the postpetition Broker Agreement to market the Properties together.

6. Shortly before the Debtor filed this case, Mr. Sayani sought to refinance the Properties together, along with other adjacent properties in which Mr. Sayani holds direct or indirect interests.[3]

The testimony adduced on November 22 establishes that Mr. Sayani recently has had a discussion with a nearby solar energy company about the possibility selling one of the parcels to that company, but that neither side has made an offer. The testimony also establishes that Mr. Sayani has had discussions with one or more home builders about the possible sale of something less than the entirety of the Properties for residential home development. But none of this evidence persuades the Court that the Properties do not constitute a single project or scheme for purposes of Bankruptcy Code section 101(51B). Until it is economically unfavorable to do so, business people are always going to consider their alternatives in order to maximize returns. That Mr. Sayani is considering alternative scenarios, had a recent discussion with a neighboring landowner about the possible disposition of one parcel for something other than residential real estate development, or a discussion with home builders about the possible sale of only part of the Properties, does not

---

[2] Though not determinative in and of themselves, the location and proximity of the Properties to each other are facts that strongly suggest the existence of a single project. *See In re Hassen Imports P'ship*, 466 B.R. at 507.

[3] This fact was adduced at a previous evidentiary hearing, held February 29, 2016, on a prior motion by Movant for relief from the automatic stay. *See* Exhibit B and related testimony on February 29, 2016. Both Movant and Debtor participated in that evidentiary hearing, during which Mr. Sayani provided live testimony authenticating a proposal for a refinancing of the Properties. The evidentiary record adduced on November 21, 2016 on the Motion is independently sufficient to satisfy Movant's burden of proof on the present Motion, but the facts adduced at the prior hearing regarding the Debtor's efforts to refinance the Properties provide additional support for the Court's conclusion.

4
**MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION**

change the fact that the Debtor heretofore has taken affirmative steps to acquire and exploit the Properties as part of a coordinated residential development scheme.

The Debtor cites to *In re The McGreals*, 201 B.R. 736 (Bankr. E.D. Pa. 1996), in support of its position, but this case does not compel a contrary conclusion. The court there did state that "[t]he mere fact of common ownership, or even a common border, will not suffice." But *In re Hassen Imports P'ship*, 466 B.R. at 507, makes clear that these circumstances are nevertheless relevant to the finding of a common scheme. Further, although the court in *In re The McGreals* found that two parcels containing a common border were not part of common plan or scheme, it did so principally because one parcel was being leased and the other parcel was not. Here, both of the Properties are undeveloped and not being used for any business purpose; both Properties are being held for future sale or development.

The Debtor also argues that the Court should adopt the reasoning of *In re Alvion Props.*, 538 B.R. 527 (Bankr. S.D. Ill. 2015), concluding that the Properties do not constitute a "single project" under Bankruptcy Code section 101(51B) because the Debtor does not have "more than a hope, a desire, or a general intent" with respect to the Properties. *Id.* at 535. In other words, the Debtor argues that that the Court cannot find a "single project" or "common scheme" because the Debtor is in the earliest stages of its effort to exploit the Properties and is undecided on how it ultimately will do so. But the Court is not persuaded.

The court in *In re Alvion Props.* found that there was no "single project" or "common scheme" because there was nothing in the evidentiary record to support such a conclusion. It found there was nothing more than "[m]ere expressions of intent without evidence that the debtor has at least begun the necessary efforts for the development of a plan, which is appropriately supported, do not suffice." Id. at 536. That is not the case here. A preponderance of the evidence here shows that the Debtor has gone well beyond a mere expression of intent, by obtaining a preliminary tract map and undertaking efforts to market the Properties *together* for purposes of residential real estate development. That the Debtor recently has entertained alternative possibilities, does not negate its concrete efforts to date in pursuing development of the Properties as part of a single "project" or "common scheme."

5
**MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION**

Additionally, the Court notes that the properties at issue in *In re Alvion Props.* were significantly different in character than the properties at issue here. In *In re Alvion Props.,* the court found that a mineral rights tract (which had previously been exploited for its minerals) and a fee simple tract (which was undeveloped and not currently being used) were sufficiently different that it was not appropriate to treat them as a single as part of a single "project" or "common scheme." See *In re Alvion Props.*, 538 B.R. at 535-36. The evidence there suggested that the properties might generate income from very different potential uses, including development, mineral/stone extraction, and/or timber extraction. Here, no evidence was adduced suggesting any substantive difference in the character of the two Properties or the manner in which they might generate income. Both are fee simple interests in adjacent, raw, undeveloped land, subject to a preliminary tract map indicating a plan to develop them together for residential purposes. The comparison of the circumstances presented here to those in *In re Alvion Props* is simply not apt.

**B.  Income.**

Both parties agree that the Properties are vacant parcels of land that produce no income. Based on this fact, the Debtor argues that it is impossible to satisfy the second requirement of Bankruptcy Code section 101(51B) -- that the subject real estate "generates substantially all of the gross income of a debtor." The Court rejects this argument. "If the debtor has no income, then substantially all of its income could be said to be generated by the property; i.e., substantially all of nothing is nothing." *In re Oceanside Mission Assoc.s*, 192 B.R. 232, 234 (Bankr. S.D. Cal. 1996)(relying on *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir.1991) (partially developed land but referred to by the bankruptcy court as "raw land" generating no income)(other citations omitted)). *See also*, *In re Kinard*, 2001 WL 1806039, at *5 (Bankr. D. S.C. 2001)(noting "Congress did not intend to exclude from the definition of single asset real estate undeveloped or vacant land currently generating no income for debtors"); *In re Sargent Ranch, LLC,* No. 10-00046-PB11, 2010 WL 3189714, at *2 (Bankr. S.D. Cal. 2010); *In re Syed*, 238 B.R. 133, 140 (Bankr. N.D. Ill. 1999) (finding that premises formerly used as rental property but that were vacant at the time of the debtor's bankruptcy constituted single asset real estate even though the developed land generated no income); *In re Penisgnorkay, Inc.*, 204 B.R. 676, 682 (Bankr. E.D. Pa. 1997)

(finding that an undeveloped 275-acre tract of land that did not generate income but that the debtor held for future development fell within the definition of single asset real estate). Thus, a lack of income from the subject real estate does not preclude a finding that it is "single asset real estate" within the meaning of section 101(51)(b). In the present case, the Debtor generates substantially all of its gross income (i.e., nothing) from the Properties.

### C. No Other Business.

As noted above, there is no dispute that "no substantial business is being conducted by [the Debtor] other than the business of operating the real property and activities incidental thereto." 11 U.S.C. §101(51B). The Debtor is holding the vacant Properties for future sale or development. The Debtor conducts no other business.

## IV.    CONCLUSION

For the reasons stated above, the Movant has demonstrated that the Properties constitute "single asset real estate" within the meaning of Bankruptcy Code section 101(51B). As such, Bankruptcy Code section 362(d)(3) applies to the Properties and the Motion should be granted. Pursuant to section 362(d)(3), the Movant shall be granted relief from the automatic stay with respect to the Properties unless, within 30 days following entry of the order granting the Motion, the Debtor (i) files a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (ii) commences monthly payments that are in an amount equal to the interest at then applicable nondefault contract rate of interest on the value of the Movant's interest in the Properties.

###

Date: December 7, 2016

Martin R Barash
United States Bankruptcy Judge

7
**MEMORANDUM OF DECISION RE: SINGLE ASSET REAL ESTATE CASE DESIGNATION**